1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    ETTA JOHNSON,                          Case No. 20-cv-08283-DMR

8                   Plaintiff,

9          v.                               **ORDER ON DEFENDANTS' MOTION
                                            TO DISMISS AND MOTION FOR
10   ALAMEDA COUNTY SHERIFF'S               MORE DEFINITE STATEMENT**
     DEPARTMENT, et al.,
11                                          Re: Dkt. No. 15
                    Defendants.
12

13          Defendants Alameda County Sheriff's Department, Santa Rita Jail, and Alameda County

14   Sheriffs Does 1-20 (collectively, "Defendants") move to dismiss Plaintiff Etta Johnson's first

15   amended complaint ("FAC") for civil rights violations under Federal Rule of Civil Procedure

16   12(b)(1) and (b)(6), or for a more definite statement under Rule 12(e).  ("Mot.") [Docket No. 15.]

17   Johnson is self-represented.  The court held a hearing on November 17, 2021 by Zoom at which

18   counsel for Defendants appeared.  Johnson did not appear but likely as a result of connection

19   problems.  For the following reasons, Defendants' motion is denied in part and granted in part.

20   Johnson is granted to leave to file a Second Amended Complaint ("SAC") within 30 days—i.e., by

21   December 29, 2021—in accordance with the court's instructions at the end of this order.

22   **I.      BACKGROUND**

23          Johnson makes the following allegations in the FAC and the accompanying attachments,

24   all of which are taken as true for the purposes of the motion.[1]  The court recounts all of her

25

26   _____

     [1]  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true
27   all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94
     (2007) (per curiam) (citation omitted).

28          Attached to Johnson's handwritten FAC are additional documents supporting Johnson's
     claims for relief.  She attaches two typed versions of her statement of facts that reproduces and

United States District Court
Northern District of California

United States District Court
Northern District of California

allegations, even though a number of them are not related to the four legal claims that she asserts. On the night of February 13, 2019, Johnson was riding an AC Transit bus toward her home in West Oakland. FAC at 16. She placed her purse on the seat behind the bus driver while she paid her fare. *Id.* As she was paying, she saw a man reach into the side of her purse and grab her phone. *Id.* As he pulled her phone out of her purse, she hit his hand and told him to let go of her phone and "stay out of [her] purse." *Id.* The bus driver asked the man if Johnson hit him, and he said that she did. *Id.* Then, the bus driver called the Alameda County sheriff. *Id.*

An unidentified law enforcement officer—whom Johnson describes as "the sheriff"—boarded the bus and asked the man if Johnson hit him. He told the officer yes. *Id.* The officer asked the man if he wanted to press charges, and the man said no. *Id.* Thereafter, the officer ordered Johnson to get up and disembark. *Id.* Johnson had two bags and her purse with her. The officer took one of Johnson's bags from her, and she carried the other bag and her purse off the bus. *Id.* Once she reached the sidewalk, the officer seized her right arm and twisted it very hard, and she heard a "pop" in her elbow and shoulder. *Id.* She fell to the ground in pain. *Id.* The officer grabbed her off the ground by her clothes and threw her into the back of his car. *Id.* at 16-17. The officer then shoved an object into her mouth and told her to "blow on this." *Id.* at 17. Johnson did not know the object was a breathalyzer. *Id.* The officer told her she was not "blowing correctly" into the breathalyzer, and he told her to blow into it again. *Id.* Johnson passed out, possibly due to her arm pain. *Id.* She says that when she came to, she was at Santa Rita jail. *Id.* Her arrest paperwork stated that she was arrested for public drunkenness, but she claims she had not consumed any alcohol that night. *Id.*

According to a grievance Johnson filed on May 8, 2019 which is attached to the FAC,

---

expands upon the statement of facts in her handwritten FAC. *See* FAC at 3-4, 12, 16-17 (as the FAC does not contain page numbers, citations in this order refer to the pagination on the ECF docket filing). The most complete version appears to be the typed statement of facts at pages 16 and 17. Johnson also attaches statements from two separate grievances filed with the Alameda County Sheriff's Office. The court liberally construes all of these materials as part of her complaint and considers them to establish Johnson's factual allegations. Johnson is directed to provide a single, complete version of her statement of facts when she files her SAC if she should so choose.

Johnson experienced other incidents while she was imprisoned at Santa Rita. *See* FAC at 18.[2]

First, Johnson claims that a correctional officer smashed her fingers in her cell door. *Id.* at 21. On

February 24, 2019 during her afternoon "pod time," Johnson re-entered her cell for a minute. *Id.*

As she was exiting her cell again for the remainder of her pod time, an unidentified female

corrections officer smashed Johnson's fingers in her cell door, causing her fingers to become stuck

in the door, which resulted in "pain and injury." *Id.* at 21-22. The officer laughed at her and told

her that her pod time was up. *Id.* at 22. After Johnson replied that she still had remaining pod

time, the officer "went and checked and then came back and told [her that she] could go back on

the pod." *Id.* Johnson asked to see the nurse or go to the hospital because of her finger injury, but

no one came to help her prepare the form to go to the doctor until the next day. *Id.* A doctor

ultimately did not see her before she was released. *Id.*

Next, Johnson claims that Defendant Santa Rita Jail denied access to her blood pressure

medications during her incarceration. FAC at 24. She has prescriptions for Metoprolol,

Simvastin, and 80 milligrams of aspirin to treat her medical conditions including high blood

pressure and congestive heart failure. *Id.* Because she did not have her medications, she suffered

from high blood pressure and headaches while incarcerated. *Id.* at 24-25. The jail gave her an

alternate medication that did not control her blood pressure and headaches. *Id.* at 25. Johnson's

request for a medical evaluation was denied, and she was told she would have to pay to see a

doctor. *Id.* She did not see a doctor before she was released. *Id.*[3]

Johnson was released from Santa Rita on February 27, 2019. FAC at 22. On April 10,

2019, the criminal charge against her was dismissed. *Id.* at 17.

Johnson alleges that she has suffered ongoing pain and nerve damage after the officer

twisted her arm, requiring her to seek medical treatment, physical therapy, and a referral to an

---

[2] Johnson says that the officers refused to accept these grievances while she was in jail and that she had to file them after she was released. FAC at 21.

[3] Johnson also describes a delay in receiving her commissary food order, the correctional officer and another inmate serving her a cooked rat, and the jail's refusal to provide her with a phone card and specific candy bars she asked for. *See* FAC at 27-28. She does not assert any legal claims associated with those allegations.

United States District Court
Northern District of California

orthopedist. *Id.* She also alleges that after she was released from jail, the two bags she was carrying with her on the night she was arrested were not returned to her, nor were three items that were in her purse—Gucci Red perfume, Yves St. Lauren perfume, and a stick of lipstick. *Id.*

The FAC states the following claims for relief: (1) excessive force related to the incident with the arresting officer on February 13, 2019; (2) deliberate indifference to medical needs of a pre-trial detainee related to incidents at Santa Rita; (3) a claim related to the deprivation of her property, styled as a second excessive force claim; and (4) false arrest related to her arrest.[4] FAC at 5-9. Although not entirely clear, the first three claims appear to be asserted against the Alameda County Sheriff as well as individual Doe Defendants. *See id.* The fourth claim is alleged solely against a Doe Defendant who is the unidentified deputy sheriff who arrested her. Plaintiff seeks damages, including punitive damages, and fees and costs. *Id.* at 11.

Johnson filed her initial complaint and motion to proceed in forma pauperis ("IFP") on November 20, 2020. [Docket No. 1.] On February 25, 2021, the court granted her IFP application but dismissed her complaint without prejudice pursuant to 28 U.S.C. § 1915(e). Johnson filed her First Amended Complaint ("FAC") on May 12, 2021. On September 13, 2021, Defendants filed this motion. [Docket No. 15.] Johnson filed an opposition in which she simply re-filed several of the documents attached to her FAC, and Defendants replied. [Docket Nos. 21, 22.]

## II.   LEGAL STANDARDS

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on

---

[4] The third claim is not numbered in Johnson's handwritten FAC.

their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White*, 227 F.3d at 1242. In contrast with a facial challenge, a factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement are "viewed with disfavor" and rarely granted. *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). However, courts may require a more definite statement "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Id.* (quotation and citation omitted). "A motion for a more definite

United States District Court
Northern District of California

5

1    statement attacks intelligibility, not simply lack of detail.  For this reason, the motion fails where

2    the complaint is specific enough to apprise the defendant of the substance of the claim being

3    asserted."  *Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D.

4    Cal. 2011).

5          Pro se pleadings must be liberally construed and "held to less stringent standards than

6    formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94.  The Ninth Circuit has held that

7    "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to

8    construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Bretz v.*

9    *Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, "a liberal interpretation of

10   a pro se civil rights complaint may not supply essential elements of the claim that were not

11   initially pled."  *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en

12   banc) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

13   **III.    DISCUSSION**

14        **A.    The Alameda Sheriff's Department and Santa Rita Jail as Defendants**

15        As an initial matter, Johnson improperly named the Alameda County Sheriff's Department

16   and Santa Rita Jail as Defendants.  As explained below, there is an easy fix.  Johnson can instead

17   name Alameda County as the proper Defendant in place of these two misnamed Defendants.

18   Johnson captioned her FAC as alleging "violation[s] of 42 U.S.C. § 1983."  Section 1983 creates a

19   civil cause of action against a "person who, under color of any statute, ordinance, regulation,

20   custom, or usage, of any State" deprives another person of any of their "rights, privileges, or

21   immunities secured by the Constitution and laws."  To state a claim under section 1983, a plaintiff

22   must allege two essential elements: (1) that a right secured by the Constitution or laws of the

23   United States was violated, and (2) that the alleged violation was committed by a person acting

24   under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*,

25   811 F.2d 1243, 1245 (9th Cir. 1987).

26        Johnson pleads the FAC against Defendants Alameda County Sheriff's Department, Santa

27   Rita Jail, and Alameda County Sheriffs Does 1-20.  The Sheriff's Department and Santa Rita Jail

28   are not properly named in this section 1983 action because they are municipal departments of

6

1   Alameda County. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal.

2   1996) (declaring that section 1983 creates liability against "persons acting under the color of state

3   law, which may include "state and local officials sued in their individual capacities" and "local

4   governmental entities," but not "municipal departments"). The proper Defendant is Alameda

5   County. The court will refer to claims alleged against the Sheriff's Department and Santa Rita Jail

6   as collectively against Alameda County, or the "County," for short. *See Barsten v. Dep't of*

7   *Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (if a complaint "names [defendants] in such terms that

8   every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts

9   should not put themselves in the position of failing to recognize what is apparent to everyone else"

10  (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) (second

11  alteration in original))).

12          Should Johnson choose to file a SAC, she shall properly name Alameda County as a

13  Defendant instead of Alameda County Sheriff's Department and Santa Rita Jail. Johnson has

14  properly sued the individual Defendants as Doe Defendants, but she will need to amend the

15  complaint again to name them as soon as she obtains information to identify them

16      **B.      Motion to Dismiss Claims against the County for Lack of Subject-Matter
             Jurisdiction**

17

18          Defendants move to dismiss claims alleged against the County under Rule 12(b)(1),

19  asserting briefly that "[t]he COUNTY OF ALAMEDA is entitled to Eleventh Amendment

20  Immunity." Mot. at 5, 7. The court interprets their motion as making a factual challenge to

21  subject-matter jurisdiction. That challenge lacks merit.

22          The doctrine of sovereign immunity precludes lawsuits brought under section 1983 against

23  states and arms of the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pittman*

24  *v. Or., Empl. Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007). However, the Supreme Court "has

25  repeatedly refused to extend sovereign immunity to counties." *N. Ins. Co. of New York v.*

26  *Chatham Cty.*, 547 U.S. 189, 193 (2006). Under binding Ninth Circuit law, California county

27  sheriffs' departments acting in their law enforcement and jail administration capacities are not

28  immune from section 1983 liability. *Cortez v. Cty. of Los Angeles*, 294 F.3d 1186, 1192 (9th Cir.

United States District Court
Northern District of California

1  2002); *Brewster v. Shasta Cty.*, 275 F.3d 803, 812 (9th Cir. 2001); *Streit v. Cty. of Los Angeles*,

2  236 F.3d 552, 565 (9th Cir. 2001).  Accordingly, the court concludes that it maintains subject-

3  matter jurisdiction over the County.

4       **C.**     **Motion to Dismiss Claims Against the County for Failure to State a Claim**

5       Defendants do not move to dismiss claims asserted against the individual Doe Defendants.[5]

6  They do move to dismiss the claims against the County under Rule 12(b)(6) "to the extent" that

7  any claims are so alleged.  Mot. at 3, 6.  As noted above, it is not clear in the FAC whether

8  Johnson is asserting her first three claims against the County or just against individual Doe

9  Defendants.  If Johnson brings any of her first three claims against the County, she has not

10  sufficiently pleaded municipal liability under *Monell v. New York City Department of Social*

11  *Services*, 436 U.S. 658 (1978).[6]

12       Under section 1983, local governments such as Alameda County "are responsible only for

13  'their own illegal acts. They are not vicariously liable under § 1983 for their employees' actions."

14  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal citations omitted).  *Monell*, however,

15  creates a claim for municipal liability under section 1983.  Under *Monell*, "civil rights

16  plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused

17  by a municipal policy or custom."  *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 30-31 (2010).

18       In order to establish *Monell* liability, a plaintiff must demonstrate four elements: that (1)

19  she "possessed a constitutional right of which she was deprived;" (2) "the municipality had a

20  policy," custom and/or practice; (3) the policy, custom and/or practice "amounts to deliberate

21  indifference to the plaintiff's constitutional right;" and (4) the municipal policy, custom and/or

22  practice was "the moving force behind the constitutional violation."  *Dougherty v. City of Covina*,

23

24      [5] In order to prevent seriatim filings and preserve court resources, Defendants may not bring
25  another Rule 12 motion to raise arguments that they could have raised in this motion.  For
    example, if Defendants could have raised certain arguments about the claims asserted against
26  individual Defendants but did not do so, they will have to wait until later in the proceedings to
    bring them to the court's attention.

27      [6] Johnson asserts her fourth claim for false arrest only against the "Alameda County sheriff who . .
    . arrest[ed] me."  The court construes this claim as pleaded against an individual Doe Defendant
28  and not against the County.

8

654 F.3d 892, 900 (9th Cir. 2011).  The Ninth Circuit requires courts to apply the following

pleading standard to *Monell* claims:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

*AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Starr v. Baca*,

652 F.3d 1202, 1216 (9th Cir. 2011)).

To properly plead a *Monell* claim against the County, Johnson must plead facts sufficient

to meet the first element of the four-element test described above: that she possessed a

constitutional right of which she was deprived.  The court will now address the first element of

*Monell* as it applies to each of the three claims Johnson appears to have pleaded against the

County.

### 1.    First Claim for Excessive Force

The first claim for excessive force pleads a cognizable constitutional violation and thus

meets the first element to plead *Monell* liability.

### 2.    Second Claim for Deliberate Indifference to Serious Medical Needs

Johnson's second claim is for deliberate indifference to serious medical needs for a pretrial

detainee in violation of the Fourteenth Amendment.  Specifically, she alleges that she was not

provided with an x-ray, not given her correct blood pressure medicine, had her fingers smashed in

the cell door, and was not taken to see the nurse after her fingers were injured.  FAC at 6, 21-22.[7]

These allegations do not sufficiently plead a constitutional deprivation.

"Inmates who sue prison officials for injuries suffered while in custody may do so . . . if

not yet convicted, under the Fourteenth Amendment's Due Process Clause."  *Castro v. Cty. of Los

Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).  "[C]laims for violations of the right to

adequate medical care 'brought by pretrial detainees against individual defendants under the

---

[7] The FAC is not totally clear as to which injuries Johnson seeks to hold the County liable for, rather than individual officers.

United States District Court
Northern District of California

1   Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v.*

2   *Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro*, 833 F.3d at 1070).  A

3   plaintiff must establish that:

> (i) the defendant made an intentional decision with respect to the conditions under which
> the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of
> suffering serious harm; (iii) the defendant did not take reasonable available measures to
> abate that risk, even though a reasonable official in the circumstances would have
> appreciated the high degree of risk involved—making the consequences of the defendant's
> conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's
> injuries.

8   *Id.* at 1125.  To establish the third element, "the plaintiff must 'prove more than negligence but

9   less than subjective intent—something akin to reckless disregard.'"  *Id.* (quoting *Castro*, 833 F.3d

10  at 1071).  Multiple courts in this district recently have tested the sufficiency of the pleadings using

11  the *Gordon* standard.  *See, e.g.*, *Silverman v. Christian*, No. 20-cv-5136-BLF, 2021 WL 5014865,

12  at *3 (N.D. Cal. Oct. 28, 2021); *Tamrat v. Marlow*, No. 20-cv-7623-PJH, 2021 WL 1927445, at

13  *2 (N.D. Cal. May 13, 2021); *McCardie v. Ahern*, No. 20-cv-1408-EMC, 2020 WL 4260738, at

14  *3 (N.D. Cal. Jul. 24, 2020).

15        Johnson has not plausibly alleged facts supporting a violation of the Fourteenth

16  Amendment for deliberate indifference to her medical needs.  The FAC alleges that the jail did not

17  provide Johnson with the correct blood pressure medication and gave her alternate medication.  As

18  currently stated, these facts support at most negligence by the correctional officers in failing to

19  provide with her requested medication; they do not plausibly suggest reckless disregard as

20  required.  The FAC also alleges that the unidentified female correctional officer smashed

21  Johnson's fingers in her cell door and did not send her to the nurse, and that the doctor at the jail

22  did not see Johnson before she was released three days later.  The allegations about the injury to

23  her fingers and the failure to provide her medical care are insufficient to state a claim.  Johnson

24  does not explain the nature and severity of the injury to her fingers, just that it was "extremely

25  painful," FAC at 22, and why her fingers required urgent medical attention.  Nor does she allege

26  that the unidentified female officer acted with reckless disregard in smashing her fingers or

27

28

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1  denying her care.[8]  Therefore, as pleaded, these facts do not plausibly establish objective

2  deliberate indifference to Johnson's serious medical needs.

3  ### 3.      Third Claim for Deprivation of Property

4  Johnson's third claim is that she had two bags and items in her purse that were taken from

5  her when she was arrested and never returned to her.  She incorrectly labels this as an "excessive

6  force" claim.  Liberally construed, her allegation is best characterized as a section 1983 claim for

7  unconstitutional deprivation of property.

8  The Fourteenth Amendment's Due Process Clause may provide protection for detained

9  individuals who are deprived of property without due process of law.  However, "a negligent or

10  intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state

11  has an adequate post deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)

12  (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)).  "California Law provides an adequate post-

13  deprivation remedy for any property deprivations."  *Id.* at 816-17 (citing Cal. Gov. Code §§ 810-

14  895).  The California Government Claims Act, which authorizes a state tort action, provides an

15  adequate post-deprivation remedy for the alleged taking of Johnson's property.  *See Leonard v.*

16  *Demery*, No. 20-cv-1167, 2021 WL 4776860, at *3 (E.D. Cal. Oct. 13, 2021); *Anderson v. Runge*,

17  No. 21-cv-922-WHO, 2021 WL 1966591, at *1-2 (N.D. Cal. May 17, 2021).  Johnson's section

18  1983 claim for unlawful deprivation of property is not cognizable and is therefore dismissed with

19  prejudice.  Johnson is granted leave to amend her complaint to plead an appropriate state tort

20  claim for loss of her personal property.

21  In sum, to the extent Johnson is suing the County for any of her first three claims for

22  constitutional violations, the FAC does not adequately plead a claim for municipal liability under

23  *Monell* for various reasons.  The first claim adequately pleads a deprivation of a constitutional

24  right.  It does not, however, adequately plead a *Monell* claim for municipal liability against the

25  County because it fails to plead the remaining three elements: (2) that the County had a particular

26

27  ----

[8] The court is unclear about the circumstances underlying Johnson's claim that she was not
provided an x-ray, as that allegation did not appear in her statement of facts or the attachments.

28  *See* FAC at 21-22.

policy, custom and/or practice; (3) the policy, custom and/or practice amounted to deliberate indifference to Johnson's constitutional rights; and (4) the County's policy, custom and/or practice was the moving force behind the constitutional violation. *See Dougherty*, 654 F.3d at 900. Therefore, if Johnson asserts the first claim against the County, it is dismissed with leave to amend.

The second claim for deliberate indifference to a serious medical need does not adequately plead a constitutional deprivation nor does it plead the remaining elements of a *Monell* claim. It is dismissed with leave to amend as to all Defendants against which it is asserted.

The third claim for deprivation of property is not a cognizable constitutional claim and is dismissed with prejudice as to all Defendants against which it is asserted. Johnson is granted leave to amend her complaint to assert an appropriate state tort claim.

### 4.      Punitive Damages

Finally, Defendants move to dismiss Johnson's demand for punitive damages against the County. Defendants are correct that the County is immune from punitive damages under section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); Cal. Gov't Code § 818. Johnson's demand for punitive damages against the County is dismissed with prejudice.

### D.      Motion for a More Definite Statement

Defendants move for a more definite statement pursuant to Rule 12(e), arguing that the FAC is "impermissibly vague, ambiguous and confusing." Mot. at 6. They say it fails to: "allege all factual allegations, with numbered paragraphs, within the body of the FAC"; "separately state and number each claim for relief"; "identify which defendants are allegedly liable for which claims"; "identify the requisite elements of each cause of action"; "identify the proper statutory bases to hold the public entity defendants liable"; and "number each page of the FAC."

The Rule 12(e) motion is denied. Defendants' argument is overly technical, especially given that Plaintiff is self-represented. The caption on the FAC clearly states that it is alleging violations of 42 U.S.C. § 1983. The factual allegations are provided in typewritten attachments. Johnson used a court-generated template to handwrite each claim, and all but one is numbered; a reader can easily discern the sequence. The filing on the docket provides adequate pagination.

United States District Court
Northern District of California

Although the allegations are not provided in numbered paragraphs, Defendants should be able to file an answer that meets the requirements of Rule 8(b).  In sum, the FAC is not unintelligible and apprises Defendants of the substance of the claims asserted against them.  *See Gregor*, 805 F. Supp. 2d at 896.

However, even though the FAC survives the Rule 12(e) challenge, if Johnson chooses to file a SAC, she can improve her pleading in ways that will assist the court as well as Defendants. If Johnson files a SAC, she should (1) number each paragraph; and (2) clearly state which Defendants she is suing for each claim.  If she is suing a Doe Defendant, she should do her best to identify the defendant (for example, "the arresting officer," "the corrections officer who did not send me to the nurse"), even if she does not currently know the person's name.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the FAC is granted in part and denied in part.  Johnson's claim for excessive force as alleged against the County is dismissed with leave to amend.  Her claim for deliberate indifference is dismissed with leave to amend as to all Defendants against which it is asserted.  Her claim for unlawful deprivation of property is dismissed with prejudice; Johnson is granted leave to amend to plead an appropriate state tort claim.  Finally, her claim for punitive damages as allege against the County is dismissed with prejudice.

The court grants Johnson leave to file her SAC by **December 29, 2021**.  Specifically, Johnson must do the following if she chooses to file a SAC:

1. Identify to the best of her ability which individual Doe Defendant(s) or Defendants she seeks to hold liable for each of her claims.

2. State clearly if she seeks to hold Alameda County liable for her excessive force and deliberate indifference claims (currently, claims one and two).  If so, she must plead facts and allegations that plausibly allege liability under municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

3. Plead facts and allegations that plausibly meet the Ninth Circuit's standard for deliberate indifference to serious medical needs (currently, claim two) as stated in this order.

United States District Court
Northern District of California

4. If Johnson seeks to hold Defendant(s) liable for deprivation of her property, plead a state tort claim, such as one under the California Government Claims Act, Cal. Gov. Code §§ 810-895, with facts that plausibly establish the standard for the claim.

5. Re-plead all her claims. Each complaint is a stand-alone document. An amended complaint cannot refer to or incorporate prior complaints. Therefore, the SAC must contain all claims brought by Johnson in this case. If Johnson continues to assert her fourth claim for false arrest, she must re-plead that claim in the SAC, even though the claim was not at issue in Defendants' motion.

6. Format the SAC in such a way that sufficiently places Defendants on notice of the allegations against them and allows them to adequately defend against the allegations. Johnson must:

- Clearly label the complaint "Second Amended Complaint."
- Present a single statement of facts that encompasses all facts alleged.
- Use separate numbered paragraphs, including in her statement of facts.
- Only include facts in her statement of facts that are connected to her claims of legal and/or constitutional violations.
- Number every page of her SAC.
- Identify each Defendant on the front caption of the SAC and in each relevant claim.
- If she is suing Alameda County, she must name Alameda County as a Defendant. The Alameda County Sheriff's Department and Santa Rita Jail are improper Defendants.

The court refers Johnson to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: November 29, 2021



_____
Donna M. Ryu
United States Magistrate Judge