UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETTA JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 20-cv-08283-DMR<br><br>**ORDER REOPENING CASE**<br><br>Re: Dkt. No. 34 |

Plaintiff Etta Johnson claims violations of her civil rights under 42 U.S.C. § 1983 against Defendants Alameda County Sheriff's Department, Santa Rita Jail, and Alameda County Sheriffs Does 1-20 (collectively, "Defendants") resulting from her arrest and detention at Santa Rita Jail in 2019. Plaintiff is self-represented. On November 29, 2021, the court granted in part and denied in part Defendants' motion to dismiss Johnson's first amended complaint. [Docket No. 25.] The court dismissed without prejudice Johnson's claim for excessive force for failure to sufficiently plead municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). The court dismissed without prejudice Johnson's claim for deliberate indifference to severe medical needs also for failing to plead *Monell* liability, including failing to allege a constitutional deprivation of rights, because Johnson did not plausibly show that Defendants acted with objective deliberate indifference under *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The court dismissed Johnson's claims with prejudice for unlawful deprivation of property and punitive damages because they did not state cognizable legal claims for relief. Defendants did not move to dismiss Johnson's claims asserted against the individual Doe Defendants, including Johnson's false arrest claim, meaning that those claims could proceed.

1  The court granted Johnson leave to file a second amended complaint ("SAC") by
2  December 29, 2021 and provided comprehensive instructions on how to re-plead her case,
3  including to re-plead all her claims for relief and plausibly state facts that allege constitutional or
4  statutory violations under the appropriate legal standards.  Johnson did not timely file her SAC.
5  After the court ordered Johnson to show cause why her lawsuit should not be dismissed for failure
6  to prosecute, Johnson filed a motion for extension of time.  [Dockets No. 26, 28.]  The court gave
7  her until February 10, 2022 to file her SAC.  Having not received any new filing, the court
8  dismissed Johnson's case on February 17, 2022 without prejudice for failure to prosecute.
9  [Docket No. 31.]

10  On February 25, 2022, Johnson filed her SAC.  [Docket No. 32.]  The clerk's file-stamp on
11  the SAC indicates that the SAC was "received" on February 10, 2022 but it was not "filed" until
12  February 25, 2022.  Johnson also manually filed a CD-ROM with the court that appears to include
13  medical data, as well as an unopposed administrative motion to change time.  [Docket Nos. 33-
14  34.]  In her administrative motion, Johnson explains that she tried to submit her materials by the
15  court's February 10, 2022 deadline but could not do so because she became sick and was also
16  experiencing challenging circumstances in her family.

17  Having reviewed Johnson's filings, the court construes them as a motion to re-open the
18  case and grants Johnson's request.  The clerk shall re-open this case.  The court, under its own
19  authority, dismisses Johnson's SAC with leave to amend.  The SAC does not contain factual or
20  legal allegations.  Instead, it attaches Johnson's medical records with sensitive and personal data
21  and identifying information.  These materials do not state a legal claim upon which relief may be
22  granted under Federal Rule of Civil Procedure 12(b)(6).  In light of the sensitivity of the
23  information contained in the SAC and the legitimate privacy interests implicated, the court orders
24  the clerk's office to seal Docket Nos. 32 and 33.  *See* Civ. L.R. 79-5.  The CD-ROM is returned to
25  the custody of the clerk's office.  Johnson may retrieve the CD-ROM within thirty days of this
26  order; otherwise, the clerk's office may destroy or otherwise dispose of it.  *See* Civ. L.R. 79-4(c).
27  The court grants Johnson leave to amend to file a third amended complaint ("TAC").
28  Johnson's TAC should follow the court's instructions in its November 29, 2021 order.  The court

reiterates those instructions here and encourages Johnson to review that order again as well:

1. Identify to the best of her ability which individual Doe Defendant(s) or Defendants she seeks to hold liable for each of her claims.
2. State clearly if she seeks to hold Alameda County liable for her excessive force and deliberate indifference claims. If so, she must plead facts and allegations that plausibly allege liability under municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).
3. Plead facts and allegations that plausibly meet the U.S. Court of Appeals for the Ninth Circuit's standard for deliberate indifference to serious medical needs as stated in that order.
4. If Johnson seeks to hold Defendant(s) liable for deprivation of her property, plead a state tort claim, such as one under the California Government Claims Act, Cal. Gov. Code §§ 810-895, with facts that plausibly establish the standard for the claim.
5. Re-plead all her claims. Each complaint is a stand-alone document. An amended complaint cannot refer to or incorporate prior complaints. Therefore, the TAC must contain all claims brought by Johnson in this case. If Johnson continues to assert her claim for false arrest, she must re-plead that claim in the TAC, even though the claim was not at issue in Defendants' motion to dismiss.
6. Format the TAC in such a way that sufficiently places Defendants on notice of the allegations against them and allows them to adequately defend against the allegations. Johnson must:
   - Clearly label the complaint "Third Amended Complaint."
   - Present a single statement of facts that encompasses all facts alleged.
   - Use separate numbered paragraphs, including in her statement of facts.
   - Only include facts in her statement of facts that are connected to her claims of legal and/or constitutional violations.
   - Number every page of her TAC.
   - Identify each Defendant on the front caption of the TAC and in each relevant claim.

3

- If she is suing Alameda County, she must name Alameda County as a Defendant. The Alameda County Sheriff's Department and Santa Rita Jail are improper Defendants.

Johnson must file her TAC by **April 8, 2022**. The court strongly urges Johnson to seek assistance from the Court's Legal Help Center for unrepresented parties in drafting her TAC. Johnson may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: March 9, 2022



Donna M. Ryu
United States Magistrate Judge